UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEITH GOODFELLOW and DARLA GOODFELLOW                              PLAINTIFFS

V.                                                      CIVIL ACTION NO.1:07CV136 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
and MIKE MEYERS, ET AL.                                                       DEFENDANTS

MEMORANDUM OPINION

The Court has before it six motions:  Defendant Mike Meyers's (Meyers) motions for summary judgment [17] and to dismiss [16]; Plaintiffs Keith and Darla Goodfellow's motions to remand [14] [18] and motion for consolidation [6]; and Defendant State Farm Fire and Casualty Company's (State Farm) motion [12] to dismiss.  For the reasons set out below, I will grant Meyers's motion for summary judgment.  The four other motions will be denied.

In July of 1994 Plaintiffs purchased a residence at 314 Poki Place, Diamondhead, Mississippi.  Plaintiffs purchased from State Farm, through State Farm's local agent, Meyers, two insurance policies, a homeowners policy (policy number 24-BJ-0247-7) and a flood policy (policy number 24-RA-1676-5).  The homeowners policy had coverage limits of $279,700 (Dwelling), $27,970 (Dwelling Extension), and $209,775 (Personal Property).  The flood policy has coverage limits of $210,000 (Dwelling) and $100,000 personal property.  The limits of coverage under the flood policy have been paid.

Plaintiffs allege that Meyers made certain negligent misrepresentations to them concerning the scope of the coverage they purchased, and for this reason they named Meyers as a defendant in their state court complaint.  State Farm removed this action on grounds of diversity of citizenship, contending that the plaintiffs' claim against Meyers was invalid as a matter of law and that Meyers's Mississippi citizenship should be disregarded for the purpose of ascertaining whether this Court has subject matter jurisdiction under 28 U.S.C. §1332.

Under the holding of *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 440 (5th Cir. 2007), the plaintiffs' claims against Meyers are time barred.  The limitations period for any negligent misrepresentations Meyers may have made began to run at the time he made the representations, and any claim based on allegations that those representations were negligent misrepresentations became time-barred three years later (in this case in 1997) under Miss. Code Ann §15-1-49.

Because I have considered the affidavit of Bill Lovell (Exhibit A to Meyers's motion for summary judgment) to establish the year the homeowners policy was purchased, I will grant Meyers's motion for summary judgment rather than his motion to dismiss. The complaint does not allege the date Meyers made the alleged misrepresentations, and Lovell's affidavit is uncontradicted in the record now before me.

Because Meyers is entitled to summary judgment, there exists complete diversity of citizenship between the parties and the requisite amount is in controversy. The Court therefore has subject matter jurisdiction under 28 U.S.C. §1332, and removal of this action was proper. The plaintiffs' motions to remand will be denied.

This action is not appropriate for the broad consolidation the plaintiffs seek, and their motion to consolidate will also be denied.

State Farm's motion to dismiss will also be denied. The grounds asserted in support of this motion have been addressed in prior opinions. State Farm has not met the stringent burden of showing that there is no set of facts the plaintiffs can prove in support of their claim which would entitle them to relief.

An appropriate order will be entered.

**DECIDED** this 3d day of March, 2008.

                                                      s/ L. T. Senter, Jr.
                                                      L. T. SENTER, JR.
                                                      SENIOR JUDGE